[Cite as *State v. Cockroft*, 2017-Ohio-7614.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                              :

     Plaintiff-Appellee,                           :

                                         No. 17AP-9

v.                                                                :       (C.P.C. No. 03CR-6715)

Anthony Cockroft,                                     :            (REGULAR CALENDAR)

     Defendant-Appellant.                        :

---

D E C I S I O N

Rendered on September 14, 2017

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief:** *Anthony Cockroft*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1}  Defendant-appellant, Anthony Cockroft, appeals from a judgment of the Franklin County Court of Common Pleas that denied his "Motion to Re-sentence for a Final Appealable Order."  For the following reasons, we affirm that judgment.

## I. Factual and Procedural Background

{¶ 2}  In 2003, a Franklin County Grand Jury indicted appellant with counts of aggravated robbery, aggravated murder, attempted murder, and tampering with evidence.  In 2004, a jury found him guilty of those counts and the trial court sentenced him accordingly.  This court affirmed his convictions and sentences.  *State v. Cockroft*, 10th Dist. No. 04AP-608, 2005-Ohio-748.  The Supreme Court of Ohio, however, remanded

the matter for resentencing pursuant to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856. *See In re Criminal Sentencing Statutes Cases*, 109 Ohio St.3d 313, 2006-Ohio-2109, ¶ 35. On remand, the trial court reimposed the same sentences it had previously imposed. This court again affirmed, rejecting appellant's arguments that the trial court erred by not imposing minimum and concurrent prison terms. *State v. Cockroft*, 10th Dist. No. 06AP-752, 2007-Ohio-2217.

{¶ 3} In the following ten years, appellant has filed numerous postconviction motions. Relevant here is his motion filed on October 3, 2016, in which he requested a resentencing in order to have a final appealable order filed in his case. He argued that when the trial court resentenced him in 2006, its judgment entry did not comply with Crim.R. 32(C) because it failed to include the "fact of conviction" and, therefore, was not a final, appealable order. The trial court denied his motion.

## II. Appellant's Appeal

{¶ 4} Appellant appeals from the denial of his motion but does not assign any errors. Normally, this failure would be grounds to reject appellant's appeal, because pursuant to App.R. 12(A)(1)(b), an appellate court must "[d]etermine [an] appeal on its merits on the assignments of error set forth in the briefs under App.R. 16." "Thus, this court rules on assignments of error only, and will not address mere arguments." *Ellinger v. Ho*, 10th Dist. No. 08AP-1079, 2010-Ohio-553, ¶ 70, citing *In re Estate of Taris*, 10th Dist. No. 04AP-1264, 2005-Ohio-1516, ¶ 5. However, in the interests of fairness, we note two other reasons appellant's appeal fails.

{¶ 5} First, res judicata bars this argument. The doctrine of res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal. *State v. Watkins*, 10th Dist. No. 16AP-581, 2017-Ohio-1141, ¶ 9, citing *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59. Appellant could have raised the alleged deficiency in his 2006 judgment entry in his direct appeal from that judgment. He did not. This failure bars his attempt to litigate the issue here. *State ex rel. Newell v. Gaul*, 135 Ohio St.3d 187, 2013-Ohio-68, ¶ 2; *State v. Peoples*, 10th Dist. No. 14AP-271, 2014-Ohio-5526, ¶ 9-10 (argument alleging noncompliance with Crim.R. 32(C) was barred by res judicata); *State v. Nicholson*, 8th Dist. No. 100026, 2014-Ohio-607, ¶ 10 (same).

{¶ 6}   Second, the 2006 judgment entry does contain the "fact of conviction." Specifically, the entry states that the case was "tried by a jury which returned a verdict on May 10, 2004 finding the Defendant guilty of the following offenses * * *Aggravated Robbery, * * * Aggravated Murder, * * * Attempted Murder, * * * [and] Tampering with Evidence."   This language satisfies the requirement that a judgment entry of conviction contain the fact of conviction.  *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204.[1]

## III.  Conclusion

{¶ 7}   For these reasons, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK, P.J., and HORTON, J., concur.

———————————

[1] We also note that even if the 2006 judgment entry had not included this language, appellant would not have been entitled to a resentencing; rather, he would have been entitled to a nunc pro tunc entry that added such language to comply with Crim.R. 32(C).  Such an entry is not a new, final order from which an appeal may be taken.  *Lester* at ¶ 20; *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 31.