[Cite as *State v. Brisco*, 2017-Ohio-8089.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 16AP-759 |
| | | (C.P.C. No. 15CR-865) |
| Bryon L. Brisco, Sr., | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on October 5, 2017

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee. **Argued:** *Laura R. Swisher.*

**On brief:** *The Law Office of Thomas F. Hayes, LLC,* and *Thomas F. Hayes*, for appellant. **Argued:** *Thomas F. Hayes.*

APPEAL from the Franklin County Court of Common Pleas

TYACK, P.J.

{¶ 1} Bryon L. Brisco, Sr., is appealing from his multiple convictions following a jury trial. He assigns three errors for our consideration:

> I. The Count 2 felony-murder conviction is not supported by sufficient evidence and is contrary to the manifest weight of the evidence.
>
> II. The County 4 felony-involuntary-manslaughter conviction is not supported by sufficient evidence and is contrary to the manifest weight of the evidence.

> III. The Count 5 tampering-with-evidence conviction is not supported by sufficient evidence and is contrary to the manifest weight of the evidence.

{¶ 2} Since all three assignments of error involve an analysis of the evidence presented at trial, we begin with a review of that evidence.

{¶ 3} Bryon's case began with an indictment which charged him with murder, specifically the murder of his wife, Sofia Brisco. Murder in Ohio can be either the purposeful killing of another or the killing of another as a result of the commission of certain other felonies ("felony murder"). The jury rejected the State of Ohio's theory that Bryon purposely caused the death of his wife and found Bryon guilty of the lesser included offense of reckless homicide. However, the jury also found Bryon guilty of both felony murder and involuntary manslaughter. Counsel for Bryon argues that the jury went astray in its considering the evidence.

{¶ 4} Bryon and Sofia had a long history of using crack cocaine. Four days before the shooting of Sofia, they began a binge of crack use. When the cocaine ran out, Sofia texted Bryon threatening to prostitute herself in order to get money for more crack. Understandingly Bryon was against that, especially if Sofia had sex with someone who knew both of them.

{¶ 5} Sofia, who had been walking in the neighborhood, returned to the apartment she shared with Bryon, Bryon's son, and the son's girlfriend. Sofia and Bryon brainstormed about ways to get money to buy more crack, but their attempts to get loans failed. Finally they smoked marijuana and went to bed.

{¶ 6} The next morning, the efforts to get money to obtain crack resumed. Sofia apparently decided to prostitute herself to get some money. Bryon was upset about that and tried to prevent her from leaving the apartment.

{¶ 7} According to Bryon, Sofia yelled at Bryon that if she wanted to prostitute herself it was her body and she could do what she wanted with it. What she wanted more than anything was crack cocaine. A neighbor overheard a verbal confrontation between the two.

{¶ 8} Apparently Bryon had gotten a gun to protect them from some drug dealers who were upset about past drug debts not being paid. Bryon testified that Sofia got the

gun in an apparent attempt to force Bryon to let her leave their apartment. He stated that the two fought over control of the gun and it went off. Sofia was struck and later died from the wound.

{¶ 9} Because of his past criminal record, Bryon could not legally have a gun. He was under a legal disability. On appeal, his counsel does not contest his guilt as to that charge.

{¶ 10} There seems to be little doubt that Bryon was angry with Sofia before the gun went off. How much of that was personal and how much was related to the consumption of crack cocaine is impossible to tell at this juncture. After the shot, Bryon made attempts to save Sofia by applying pressure to her wound with towels. The bullet perforated Sofia's heart and right lung.

{¶ 11} Part of the trial involved the need to evaluate whether or not Bryon was truthful in his rendition of the facts as to the instant the gun went off. Sofia's DNA was on the gun but Bryon's was not. The wound was not a contact wound, meaning the gun barrel was not in contact with Sofia or her clothing when it discharged. However, there was also no stippling on Sofia's clothing. Stippling would be expected if the gun barrel was within two feet of Sofia and pointed toward her when it discharged. Obviously the gun barrel was pointed toward Sofia when the gun discharged. The lack of stippling calls into question Bryon's claim that the two were struggling over the gun when the gun went off.

{¶ 12} The jury found that they were not convinced beyond a reasonable doubt that Bryon had purposely caused the death of Sofia. However, the jury found beyond a reasonable doubt that Bryon was guilty of reckless homicide in violation of R.C. 2903.041.

{¶ 13} The statute reads:

A) No person shall recklessly cause the death of another or the unlawful termination of another's pregnancy.

(B) Whoever violates this section is guilty of reckless homicide, a felony of the third degree.

{¶ 14} Bryon was also found guilty of murder in violation of R.C. 2903.02(B). That statute reads:

(B)    No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree and that is not a violation of section 2903.03 or 2903.04 of the Revised Code.

(C)  Division (B) of this section does not apply to an offense that becomes a felony of the first or second degree only if the offender previously has been convicted of that offense or another specified offense.

(D)  Whoever violates this section is guilty of murder, and shall be punished as provided in section 2929.02 of the Revised Code.

{¶ 15}  The underlying felony, for purposes of R.C. 2903.02(B), was felonious assault, in violation of R.C. 2903.11(A).  R.C. 2903.11(A) reads:

(A) No person shall knowingly do either of the following:

(1)  Cause serious physical harm to another or to another's unborn;

(2)  Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.

{¶ 16} We are not privy to the jury deliberations.  We only know the evidence presented, the arguments made, and the ultimate verdicts.  The jury could have reasonably found that Bryon meant to shoot Sofia but did not intend to kill her.  If Bryon meant to shoot her and did shoot, he was guilty of knowingly causing physical harm to her with a deadly weapon.  He was then guilty of felonious assault in violation of R.C. 2903.11(A), a felony of the second degree.  Since the gunshot killed Sofia, Bryon was guilty of felony murder as defined in R.C. 2903.02(B).

{¶ 17}  The jury could reasonably find Bryon guilty of felony murder and did.

{¶ 18}  The first assignment of error is overruled.

{¶ 19}  Bryon's involuntary manslaughter conviction was based on the theory Bryon caused Sofia's death as a result of having a weapon under disability.

{¶ 20} The tampering with evidence charge was based on the theory that Bryon concealed the gun by throwing it in a trash can.  Tampering with evidence is defined in R.C. 2921.12 as follows:

> A)    No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:
>
> (1)  Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation;
>
> (2)  Make, present, or use any record, document, or thing, knowing it to be false and with purpose to mislead a public official who is or may be engaged in such proceeding or investigation, or with purpose to corrupt the outcome of any such proceeding or investigation.
>
> (B)  Whoever violates this section is guilty of tampering with evidence, a felony of the third degree.

{¶ 21} The evidence at trial demonstrated that Bryon, having been involved in the shooting of his wife, immediately took the gun involved in the shooting outside of the residence and put it in a trash can.  The jury could reasonably decide that Bryon initially decided to hide the gun involved and then reconsidered when questioned by police.  His later reconsideration did not undo any elements of the crime, but was something for the jury to consider in deciding whether Bryon had previously harbored an intent to conceal the weapon.  The jury weighed the evidence and made a guilty finding.  We cannot find that verdict was in error.

{¶ 22} The third assignment of error is overruled.

{¶ 23} The felony murder conviction was dependent on a finding that Bryon was guilty of felonious assault, set forth above.  This in turn was dependent on whether or not Bryon knowingly caused or attempted to cause physical harm to Sofia with a deadly weapon.  The knowingly element has to be satisfied as of the second the gun fired, not after the gun has fired and a person realizes that another has been shot.

{¶ 24} The involuntary manslaughter charge turns on the issue of whether or not Bryon, possessing a weapon under disability, was a proximate cause of Sofia's death. This in turn depends on the issue of proximate cause and/or proximate result.

{¶ 25} But for Bryon having a gun, the death would not have occurred. It is hard to dispute that Bryon's having a gun and the gun being present when he and Sofia were disagreeing was a cause of her death. If the gun had not been there, Sofia would still be alive.

{¶ 26} The second assignment of error is overruled.

{¶ 27} All three assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SADLER, J., concurs.
LUPER SCHUSTER, J., concurs in judgment only.

————————