[Cite as *State v. Rexrode*, 2017-Ohio-8837.]

IN THE COURT OF APPEALS OF OHIO

TENGTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 17AP-224 |
| v. | : | (M.C. No. 2016 CRB 24962) |
| Jacob C. Rexrode, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 5, 2017

**On brief:** *Richard C. Pfeiffer, Jr.,* City Attorney, and *Orly Ahroni,* for appellee. **Argued:** *Orly Ahroni.*

**On brief:** *Yeura R. Venters,* Public Defender, and *George M. Schumann,* for appellant. **Argued:** *George M. Schumann.*

APPEAL from the Franklin County Municipal Court

SADLER, J.

{¶ 1} Defendant-appellant, Jacob C. Rexrode, appeals from the judgment entry of the Franklin County Municipal Court finding appellant guilty of violating a protection order pursuant to R.C. 2919.27(A)(2). Because we lack jurisdiction over this appeal, we dismiss it.

{¶ 2} On October 17, 2016, the Franklin County Court of Common Pleas, Division of Domestic Relations, issued, pursuant to R.C. 2903.214, an ex parte civil stalking protection order ("ex parte order") against appellant. The order specified, in pertinent part, that appellant not threaten or harass the petitioner and "not initiate or have any contact with the [petitioner]" including, but not limited to "landline, cordless, cellular or digital telephone, text, instant messaging, fax, e-mail, voice mail, delivery service, social networking media, blogging, writings, electronic communications, or communications by any other means directly or through another person." (Ex Parte Order at 2.) The order set October 24, 2016 as the date for a full hearing on the request for a protection order.

{¶ 3} On October 20, 2016, police officers took appellant, involuntarily, to Riverside Hospital for mental health issues. A return of service states that a deputy sheriff served appellant with a certified copy of the ex parte order on October 20, 2016. The next day, October 21st, while still at Riverside Hospital, appellant called the petitioner. Appellant was released from Riverside Hospital on October 24, 2016 and was arrested that same day on charges of violating a protection order pursuant to R.C. 2919.27(A)(2).

{¶ 4} Regarding the full hearing on the protection order, a court order dated October 24, 2016 indicates that appellant moved the court for a continuance in order for appellant to "obtain counsel, additional witnesses and/or evidence" and that the court granted the motion and set February 8, 2017 as the new date for the full evidentiary hearing. (Order at 1.) A return of service states that another deputy sheriff served appellant with the continuance notice on October 24, 2016.

{¶ 5} On October 26, 2016, appellant was arraigned on the charge for violating the ex parte order from the hospital calls; appellant appeared in person and was represented by an attorney. On October 28, 2016, while in the custody of the Franklin County Correctional Center, appellant called the petitioner while she was at work and left her voice mails. Appellant was again charged with violating a protection order pursuant to R.C. 2919.27(A)(2).

{¶ 6} At a hearing on the criminal charges on March 1, 2017, the trial court found appellant not guilty of the charge for violating the ex parte order arising out of the hospital calls and guilty of the charge for violating the ex parte order arising out of the jail calls. In the trial court sentencing entry, the court indicates that a "court trial" was held under R.C. 2919.27(A)(2), and the court imposes a jail term of 180 days with 124 days of time served and 56 days suspended, with two years of community control including 90 days G.P.S. monitoring. (Mar. 2, 2017 Sentencing Entry at 1.) The sentencing entry does not check the box or otherwise state that the court found the defendant guilty of the charge. The sentencing entry is signed by the judge and stamped as filed in the record on March 2, 2017. By a separately signed and stamped entry dated the same day, the trial court writes that a court trial was held and "[b]ased upon the evidence the Court finds [appellant] GUILTY." (Emphasis sic.) (Mar. 2, 2017 Entry at 1.)

{¶ 7}   Appellant timely appealed the March 2, 2017 sentencing entry.  He asserts on appeal that his conviction for violating a protection order is not supported by sufficient evidence and is against the manifest weight of the evidence due to the failure of personal service of the ex parte order.  In this case, we cannot address the merits of appellant's appeal because a lack of a final order subject to appeal under R.C. 2505.02 deprives us of jurisdiction to do so.

{¶ 8}   Article IV, Section 3(B)(2) of the Ohio Constitution and R.C. 2505.03(A) restrict the appellate jurisdiction of courts of appeal to the review of final orders.  *Flynn v. Fairview Village Retirement Community, Ltd.*, 132 Ohio St.3d 199, 2012-Ohio-2582, ¶ 5.  In the absence of a final order, an appellate court has no jurisdiction, and the appeal must be dismissed.  *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, ¶ 14; *State v. Bonner*, 10th Dist. No. 14AP-611, 2015-Ohio-1010, ¶ 11.  An appellate court may consider jurisdictional issues involving final, appealable orders sua sponte.  *Green Tree Servicing, LLC v. Columbus & Cent. Ohio Children's Chorus Found.*, 10th Dist. No. 15AP-802, 2016-Ohio-3426, ¶ 7; *State v. Teague*, 3d Dist. No. 9-01-25 (Sept. 28, 2001).

{¶ 9}   "[A] judgment of conviction is a final, appealable order if it complies with Crim.R. 32(C) and *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 14."  *State v. Jackson*, ___ Ohio St.3d ___, 2017-Ohio-7469, ¶ 9.  Crim.R. 32(C) states that:

> A judgment of conviction shall set forth the fact of conviction and the sentence.  Multiple judgments of conviction may be addressed in one judgment entry.  If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly.  The judge shall sign the judgment and the clerk shall enter it on the journal.  A judgment is effective only when entered on the journal by the clerk.

{¶ 10}   "[T]he purpose of Crim.R. 32(C) is to ensure that a defendant is on notice concerning when a final judgment has been entered and the time for filing an appeal has begun to run."  *Lester* at ¶ 10, citing *State v. Tripodo*, 50 Ohio St.2d 124, 127 (1977).  "[A] judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk."  *Lester* at ¶ 14, modifying

*State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330.   These are "substantive requirements" of Crim.R. 32(C) "that must be included within a judgment entry of conviction to make it final for purposes of appeal."  *Lester* at ¶ 11.  If the substantive requirements are present, the trial court's omission of the "manner of conviction"—a guilty plea, a finding of guilt following a bench trial or no contest plea, or a finding of guilt following a jury trial, for example—does not prevent the judgment of conviction from being an order that is final and subject to appeal.  *Id.* at ¶ 12-16.

{¶ 11} In *Lester*, the words "[t]he Court finds the Defendant has been convicted of [the charged crimes]" met the "fact of conviction" requirement to support the finality of a judgment entry.  *Id.* at ¶ 2-3, 17.  However, the word "conviction" is not required verbatim.  *Jackson* at ¶ 13 (indicating that a trial court's signed and clerk time-stamped judgment entry stating the defendant "was found guilty" of the charge and the accompanying sentence complied with Crim.R. 32(C)); *State v. Cockroft*, 10th Dist. No. 17AP-9, 2017-Ohio-7614, ¶ 6 (finding judgment entry satisfied "fact of conviction" requirement under *Lester* where the entry stated that the case was "tried by a jury which returned a verdict on May 10, 2004 finding the Defendant guilty of the [charged] offenses"); *State v. Fowler*, 7th Dist. No. 14 MA 124, 2015-Ohio-1053, ¶ 11-13 (discussing that the exact phrase "defendant was convicted" is not required to be in the sentencing entry to meet the "fact of conviction" requirement).  *See also State v. Gwen*, 134 Ohio St.3d 284, 2012-Ohio-5046, ¶ 5, 21 (agreeing that trial court's preprinted form entry that indicated the charge, plea, and sentence but left the space provided for recording whether the defendant had been found guilty or not guilty blank was insufficient under Crim.R. 32(C) and *Baker*).

{¶ 12} Furthermore, "[a]s a general matter, '[o]nly one document can constitute a final appealable order,' meaning that a single entry must satisfy the requirements of Crim.R. 32(C)."  *State v. Thompson*, 141 Ohio St.3d 254, 2014-Ohio-4751, ¶ 39, quoting *Baker* at ¶ 17.  *State ex rel. McIntyre v. Summit Cty. Court of Common Pleas*, 144 Ohio St.3d 589, 2015-Ohio-5343, ¶ 8; *State v. Jackson*, 149 Ohio St.3d 55, 2016-Ohio-5488, ¶ 48.  *See also State v. Wright*, 4th Dist. No. 10CA903, 2011-Ohio-779, ¶ 6, fn. 1 (noting that the one document rule in *Baker* precluded the appellate court from considering a separate judgment entry that indicated the trial court found the defendant guilty based on

a bench trial to determine the finality of a judgment entry).  An exception to the one document rule exists in cases where a separate sentencing opinion is required, such as in capital cases.  *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 17; *Thompson* at ¶ 39.

{¶ 13} Here, the record clearly shows that the trial court did find appellant guilty of violating a protection order: after holding the bench trial, the trial court orally found appellant guilty of the charge appealed here, and, on the same day he filed the sentencing entry, the trial court filed a separate entry declaring appellant's guilt.  However, the one entry appealed (the sentencing entry filed March 2, 2017) lacks one of the substantive requirements to constitute a final order under Crim.R. 32(C) and *Lester*.  Specifically, while the sentencing entry includes the judge's signature, the clerk's time-stamp, and the sentence imposed, the box to indicate that appellant was found guilty of the stated crime is unchecked and the sentencing entry otherwise fails to state that appellant was convicted.

{¶ 14} We acknowledge that the purpose of Crim.R. 32(C) is not implicated in this case—appellant did not dispute the fact of conviction, and he filed a timely appeal.  Nonetheless, under *Baker*, we are precluded from considering the trial court's separately filed entry to form a final judgment entry of conviction.  *Baker* at ¶ 17; *Thompson* at ¶ 39.  The Supreme Court of Ohio has stated in clear terms that a judgment entry that lacks a substantive requirement under Crim.R. 32(C) is not a final order subject to appeal.  *Lester* at ¶ 11 ("Without these substantive provisions, the judgment entry of conviction cannot be a final order subject to appeal under R.C. 2505.02.").  Therefore, pursuant to controlling precedent, we are not presented with a final judgment of conviction and cannot review further the assignments of error raised herein.  *Baker* at ¶ 17; *Lester* at ¶ 11.

{¶ 15} For the foregoing reasons, we conclude that we lack jurisdiction over the March 2, 2017 sentencing entry at subject on this appeal.  Accordingly, we dismiss this appeal.

*Appeal dismissed.*

KLATT and BRUNNER, JJ., concur.

_____