[Cite as *State ex rel. White v. Woods*, 2018-Ohio-2954.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Marcus D. White, | : | |
| Relator, | : | |
| v. | : | No. 17AP-620 |
| Judge William H. Woods, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on July 26, 2018

**On brief:** *Marcus D. White*, pro se.

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Arthur J. Marziale, Jr.,* for respondent.

IN MANDAMUS/PROCEDENDO
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

DORRIAN, J.

{¶ 1} Relator,[1] Marcus D. White, an inmate of the Warren Correctional Institution ("WCI"), requests a writ of mandamus and/or procedendo ordering respondent, the Honorable William H. Woods, a judge of the Franklin County Court of Common Pleas ("respondent") to issue a final appealable order in Franklin C.P. No. 03CR-7014, which complies with R.C. 2505.02 and Crim.R. 32(C). Respondent requests this court dismiss the action.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, the writ of mandamus/procedendo action was referred to a magistrate of this court. The magistrate issued the attached decision, including findings of fact and conclusions of law,

---

[1] Marcus D. White is the relator in this case; however, in prior cases discussed herein, he was the appellant. For ease of discussion, we refer to him hereafter as "White."

and recommended this court grant respondent's motion to dismiss. The magistrate reasoned the original action is barred because White had a plain and adequate remedy at law which he exercised in his appeal to this court in *State v. White*, 10th Dist. No. 17AP-538, 2017-Ohio-8750 ("*White IV*").[2]

{¶ 3} The criteria for granting mandamus was outlined by the Supreme Court of Ohio in *State ex rel. Priest v. Dankof*, 143 Ohio St.3d 82, 2015-Ohio-165, ¶ 2. "To obtain a writ of mandamus, [relator] must establish a clear legal right to the requested relief, a clear legal duty on the part of [respondent] to grant it, and the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, ¶ 6. In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.*

{¶ 4} White has filed objections to the magistrate's decision. In his objections, White argues the trial court never issued a final appealable order in common pleas case No. 03CR-7014 and, therefore, the appellate court had no jurisdiction to make a ruling in *White IV* and all prior appellate rulings related to common pleas case No. 03CR-7014 are nullities. Pursuant to White, he could never have an adequate remedy at law by way of appeal because there can be no appeal without a final appealable order that complies with R.C. 2505.02 and Crim.R. 32(C).

{¶ 5} In his complaint for mandamus/procedendo, White argued the judgment entry issued in common pleas case No. 03CR-7014 does not comply with Crim.R. 32(C) because: (1) the entry states that White was found guilty of R.C. 2903.02 Murder, although the jury found him not guilty of the same, (2) the entry should have stated that White was found guilty of R.C. 2903.02(B) Felony Murder, and should have stated that felonious assault "to wit: Ms. Green" was the predicate offense of the Felony Murder charge, and (3)

---

[2] In this decision, we refer to White's different appeals as we did previously in our decision and memorandum decisions in case No. 17AP-538.

the entry did not sentence White or notify him of post-release control for the offense of felonious assault "to wit: Ms. Green."

{¶ 6} According to White, the sentencing entry fails to set forth the fact of conviction as required by Crim.R. 32(C).[3] He further argues that, although the trial court's entry denying his motion to vacate in 2012[4] explains the fact of his conviction for felony murder pursuant to R.C. 2903.02(B), *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330,[5] requires the fact of conviction be evident in one entry, not two. Finally, White argues that because the trial court has previously denied his request for a judgment entry which complies with Crim.R. 32(C), pursuant to our ruling in *State v. Bonner*, 10th Dist. No. 14AP-611, 2015-Ohio-1010, the appropriate remedy for him is to seek mandamus or procedendo to compel the trial court to issue a compliant sentencing entry.

{¶ 7} Respondent did not file a memorandum contra White's objections. However, in moving to dismiss, respondent argued White is attempting to achieve postconviction relief beyond the time allotted to him pursuant to statute. Respondent noted White was resentenced on October 20, 2006 in common pleas case No. 03CR-7014, and that now, nearly 11 years later, he cannot seek to have his sentence modified. Respondent argued further that res judicata applies because White did not seek appeal of his October 20, 2006 resentencing or timely file a postconviction petition.

{¶ 8} We agree with the magistrate that with this original action, White is relitigating the same assignment of error he litigated in his appeal to this court in *White IV*.

---

[3] When the original judgment entry (Aug. 4, 2005) and the re-sentencing entry (Oct. 24, 2006) were entered in common pleas case No. 03CR-7014, Crim.R. 32(C) required: "A judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence." (Fn. omitted.) *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, ¶ 8. Crim.R. 32(C) was subsequently amended and now requires: "A judgment of conviction shall set forth the fact of conviction and the sentence."

[4] In denying White's September 13, 2012 motion to vacate, the trial court noted "[f]inally, the jury found the Defendant guilty of the lesser included offense in Count One of Murder 2903.02(B). They specifically found the predicate offense to be Felonious Assault [R.C.] 2903.11." (Common pleas case No. o3CR-7014 Dec. and Entry Denying Deft.'s Mot. to Vacate.) This court affirmed the trial court's denial in *State v. White*, 10th Dist. No. 12AP-1055, 2013-Ohio-2217 ("*White III*"). White filed an application for reconsideration yet did not address therein the *Baker* arguments he raises now. (*See* June 6, 2013 App. for Recon. in *White III*.) White appealed to the Supreme Court our denial of his application to reconsider but did not appeal our decision entered May 30, 2013 in *White III*. The Supreme Court declined jurisdiction on the appeal of application to reconsider.

[5] *Baker* at ¶ 19 states "the judgment of conviction is a single document."

White's assignment of error in *White IV* was difficult to decipher. He made numerous arguments that the indictment in the case was deficient.[6] White also, however, argued:

> Thus, Appellant's direct appeal subsequent to that void judgment is equally void, and it is as if the direct appeal never occurred. Further, the Appellant's Judgment Entry is void on its face, because it fails to set forth the fact of conviction. When 1) it states Appellant was convicted of "§2903.02 Murder", a charge Appellant was found not guilty of. When the Trial Court instructed the jury on Aggravated Murder (A) (purposely w/prior) and Appellant was acquitted, Murder (A) (purposely) and Appellant was acquitted, and Murder (B) (proximate result) which Appellant was illegally convicted. 2) fails to state the unindicted count of Felonious Assault to wit: Ms. Green as the predicate offense/mens rea of the unindicted Felony Murder. Fails to state Murder (A)/(purposely) nor Felony Murder (B)/(proximate result) and therefore does not comply with Crim. R. 32 (C). (See Ex. 1 proper Judgment/Termination Entry, Count 6)

(Emphasis omitted.) (Sic passim.) (White's Appellate Brief in *White IV* at 15-16.) White further argued:

> It must also be noted that the doctrine of res judicata cannot apply. As the judgment of conviction and sentence rendered by the trial court is void, the judgment is not a "final" or "appealable" order. * * * Appellant's direct appeal subsequent to that void judgment is equally void, and it is as if the direct appeal never occurred. In count one of the court's Judgment Entry the court failed to state what subsection of Murder, (Murder (A) purposely or Murder (B) proximate result) Appellant was convicted of, or another count of felonious assault to wit: Ms Green as the predicate offense/mens rea of Felony Murder. Meaning the Court's Judgment Entry is void on it's face, when it stated Appellant was "convicted of §2903.02 Murder", a charge Appellant was found not guilty of.

(Emphasis omitted.) (Sic passim.) (White's Appellate Brief in *White IV* at 25-26.)

{¶ 9} In *White IV*, we addressed White's arguments regarding deficiencies in the indictment and held that the untimeliness of his request for postconviction relief and res judicata barred the same. We did not specifically address White's jurisdictional arguments

---

[6] White also argued that "[t]he Appellant sentence is void when he was not sentenced to 2-8 years in prison or notified of the Mandatory 5 years Post Release Control required by §2929(B)(3) for violating §2903.11(A)(1) Felonious Assault to wit: Ms. Green." (Emphasis omitted.) (White's Appellate Brief in *White IV* at 15.)

outlined above. White filed an application to reconsider and pointed out to the court that it had failed to address the jurisdictional arguments outlined above. In denying the application for reconsideration, we addressed the merits of White's jurisdictional arguments outlined above. We stated:

> In his application for reconsideration, appellant alleges that we failed to sua sponte address or consider our own jurisdiction to hear this appeal. Appellant argues that this case lacks a final, appealable order because the trial court failed to properly record all the requirements of Crim.R. 32(C) in the judgment entry. Appellant alleges that the judgment entry does not state a fact of conviction nor sentence. Since it is unclear whether appellant is challenging the judgment entry of August 4, 2005, or the re-sentencing entry of October 24, 2006, we will consider both.
>
> Crim.R. 32(C) provides, in pertinent part: "[a] judgment of conviction shall set forth the fact of conviction and the sentence. * * * The judge shall sign the judgment and the clerk shall enter it on the journal." "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk. (Crim.R. 32(C) explained; *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, modified.)." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, paragraph one of the syllabus. The Supreme Court of Ohio has explained that "[t]he purpose of Crim.R. 32(C) is to ensure that a defendant is on notice concerning when a final judgment has been entered and the time for filing an appeal has begun to run." *Id.* at ¶ 10, citing *State v. Tripodo*, 50 Ohio St.2d 124, 127 (1977).
>
> On October 22, 2003, appellant was indicted for aggravated murder with capital and firearm specifications for the shooting death of his mother-in-law (Count 1 of the indictment), attempted murder with a firearm specification for the shooting of his wife (Count 2 of the indictment), and tampering with evidence (Count 3 of the indictment). The state dismissed Count 3 of the indictment. A jury trial commenced on May 20, 2005, and the jury returned a verdict finding appellant not guilty of aggravated murder, but guilty of the lesser included offense of murder, and not guilty of attempted murder, but guilty of the lesser included offense of felonious assault. The jury also found that appellant used a firearm to facilitate the offenses.

Appellant timely appealed but did not argue, nor assign as error, any claim that the judgment entry was not a final appealable order. Subsequent to the judgment entry of August 4, 2005, the Supreme Court of Ohio decided the case of *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, which required us to remand the case to the trial court for re-sentencing. *State v. White*, 10th Dist. No. 05AP-1178, 2006-Ohio-4226 ("*White I*"). On October 20, 2006, a re-sentencing hearing was held. On October 24, 2006, the trial court issued a re-sentencing entry. Appellant again appealed but made no claim that the re-sentencing entry was not a final appealable order. We affirmed the trial court's judgment. *State v. White*, 10th Dist. No. 07AP-743, 2008-Ohio-701 ("*White II*").

The record reveals that both the August 4, 2005 judgment entry and the October 24, 2006 re-sentencing entry complied with Crim.R. 32. Contrary to appellant's claim, we find that both entries contain the fact of conviction and the sentence. The entries clearly state that the jury found appellant guilty of the lesser included offense of murder as to Count 1 of the indictment, and of the lesser included offense of felonious assault as to Count 2 of the indictment, and that the specifications as to Counts 1 and 2 of the indictment merge as to sentencing. The judgment entry states that appellant was sentenced to 15 years to life as to Count 1 of the indictment, to be served consecutively to 7 years as to Count 2 of the indictment, and consecutively to 3 years for the firearm specification. The entries are also signed by the trial judge and time-stamped by the clerk's office.

Moreover, considering that appellant filed a timely direct appeal from the judgment entry, and appealed from the re-sentencing entry, he cannot credibly argue that he was not on notice when a final judgment was entered. *See State v. Monroe*, 10th Dist. No. 13AP-598, 2015-Ohio-844 (rejecting appellant's challenge of trial court's denial of his motion for a final appealable order when appellant had already fully exhausted his appellate rights).

*State v. White*, 10th Dist. No. 17AP-538 (Feb. 13, 2018) (memorandum decision) (denying reconsideration of *White IV*). White also filed an application for en banc consideration alleging our decision in *White IV* conflicts with *Bonner*, *State v. Rexrode*, 10th Dist. No. 17AP-224, 2017-Ohio-8837, and *State v. Brisco*, 10th Dist. No. 16AP-759, 2017-Ohio-8089. We denied the application and stated:

In his application for en banc consideration, appellant argues that *White IV* conflicts with this court's decisions in *State v. Bonner*, 10th Dist. No. 14AP-611, 2015-Ohio-1010; *State v. Rexrode*, 10th Dist. No. 17AP-224, 2017-Ohio-8837; and *State v. Brisco*, 10th Dist. No. 16AP-759, 2017-Ohio-8089.

Appellant alleges that we failed to sua sponte address or consider our own jurisdiction to hear this appeal, as we did in *Bonner* and *Rexrode*, because no final appealable order was issued by the trial court. In *Bonner*, we found that we lacked jurisdiction because the trial court's modified judgment entry did not satisfy the second element in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330 and in *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, by not setting forth all of the defendant's sentences, and thus did not comply with Crim.R. 32(C), and was therefore not a final appealable order. *Bonner* at ¶ 15, 17 & 26. In *Rexrode*, we found that we lacked jurisdiction because the trial court's sentencing entry failed to state that appellant was convicted of a crime. *Id.* at ¶ 13. In appellant's case, we have previously found that both the trial court's August 4, 2005 judgment entry and the October 24, 2006 re-sentencing entry complied with Crim.R. 32, and were final appealable orders. As such, *White IV* does not conflict with *Bonner* or *Rexrode*.

In *Brisco*, the appellant was found guilty of murder in violation of R.C. 2903.02(B), which reads in pertinent part: "No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree." The court in *Brisco* noted that Brisco's "felony murder conviction was dependent on a finding that [Brisco] was guilty of felonious assault." *Id.* at ¶ 23. As such, a factual finding of felonious assault was an element in the murder conviction of Brisco, which we affirmed.

In the present case, appellant was found guilty of murder under the same statute as *Brisco*, in regards to his mother-in-law. Appellant alleges that the trial court, in the judgment entry (or re-sentencing entry), was required to address the element of the offense, i.e., felonious assault. Appellant's claim lacks merit. *Brisco* does not address the requirements of Crim.R. 32 and *Baker/Lester*. There is no conflict between *White IV* and *Brisco*.

*State v. White*, 10th Dist. No. 17AP-538 (May 3, 2018) (memorandum decision) (denying en banc consideration of *White IV*).

{¶ 10} On June 11, 2018, White filed a notice of appeal of *White IV* to the Supreme Court again rearguing all the same jurisdictional issues outlined above. The case is currently pending in the Supreme Court of Ohio in case No. 18-0790.

{¶ 11} The Supreme Court held in *Priest* that "[a]ppeal is generally considered an adequate remedy sufficient to preclude a writ." *Id.* at ¶ 2, citing *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967), paragraph three of the syllabus.

{¶ 12} Accordingly, we agree with the magistrate that White had a prior and adequate remedy at law which he exercised in his appeal to this court in *White IV.* White cannot relitigate in this original action the issues that he has previously litigated in *White IV.* Therefore, this action is barred by the plain and adequate remedy at law.

{¶ 13} Following an independent review of this matter, we find the magistrate has properly determined the facts and applied the appropriate law. Therefore, we overrule White's objections, and adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with magistrate's decision, we grant respondent's motion to dismiss and dismiss this action.

*Objections overruled;*
*action dismissed.*

KLATT and SADLER, JJ., concur.

———————————

# APPENDIX

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Marcus D. White, | : | |
| Relator, | : | |
| v. | : | No. 17AP-620 |
| Judge William H. Woods, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

### M A G I S T R A T E ' S   D E C I S I O N

### Rendered on January 23, 2018

*Marcus D. White,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Arthur J. Marziale, Jr.,* for respondent.

### IN MANDAMUS AND/OR PROCEDENDO
### ON RESPONDENT'S MOTION TO DISMISS

{¶ 14} In this original action, relator, Marcus D. White, an inmate of the Warren Correctional Institution ("WCI"), requests a writ of mandamus and/or procedendo ordering respondent, the Honorable William H. Woods, a judge of the Franklin County Court of Common Pleas ("respondent" or "Judge Woods") to correct alleged sentencing errors and, thus, to resentence relator such that the new sentencing entry will provide him a final appealable order.

Findings of Fact:

{¶ 15} 1. On August 28, 2017, relator, a WCI inmate, filed this original action against respondent.

{¶ 16} 2. According to the complaint, relator was convicted of "O.R.C. 2903.02(B) Felony Murder with a predicate offense of O.R.C. 2903.11(A)(1) Felonious Assault to wit: Ms. Debra Green."

{¶ 17} 3. According to the complaint, at footnote number one, relator was "resentenced October 20, 2006."

{¶ 18} 4. According to the complaint, relator has "a clear legal right to be legally convicted and sentenced which includes issuance of a final and appealable order that complies with O.R.C. 2505.02 and Criminal Rule 32(C)."

{¶ 19} 5. In his complaint, relator concludes that this court must compel respondent to resentence relator to correct alleged sentencing errors.

{¶ 20} 6. Attached to his complaint as an exhibit is a copy of a decision and entry marked as filed in the Franklin County Court of Common Pleas on November 30, 2012. The four-page decision and entry denies a September 13, 2012 motion to vacate sentence. The decision and entry states that the September 13, 2012 motion is being treated as a petition for postconviction relief. The decision and entry concludes: "The petition is untimely, barred by res judicata and, as previously discussed, lacks merit."

{¶ 21} 7. On September 26, 2017, respondent filed a motion to dismiss in the instant action. Respondent argues, inter alia, that this action is barred by an adequate remedy in the ordinary course of law by way of appeal or postconviction relief.

{¶ 22} 8. On October 6, 2017, relator filed a reply to respondent's motion to dismiss. In his reply, relator requests this court "review the entire record if it so wishes under Case No. 17APA-07-538 (10th DCA) ["*White IV*"] as it was docketed/submitted August 23, 2017."

{¶ 23} 9. In his memorandum in support of his reply to respondent's motion to dismiss, relator states:

> The Relator again requested a valid Judgement Entry in the 2016 Motion to Vacate for lack of subject-matter jurisdiction and lack of a final appealable order, (for failing to state the subsection of Murder and the predicate offense of Felony Murder (B), "Felonious Assault to wit: Debra Green"). Which was Denied July 12, 2017. Relator appeal[ed] the denial in case #17APA-07-538 ["*White IV*"].

Conclusions of Law:

{¶ 24} On November 30, 2017, during the pendency of this original action, this court issued a decision in an appeal in Case No. 17AP-538 ["*White IV*"], a case that relator requests this court to review in his reply to respondent's motion to dismiss. A review of this court's decision in Case No. 17AP-538 ["*White IV*"] clearly shows that this original action is barred by a plain and adequate remedy at law that relator exercised in his appeal to this court in that case.

{¶ 25} In Case No. 17AP-538["*White IV*"], this court states in its decision:

> As pertinent to this appeal, on October 12, 2003, appellant shot his wife in the face and then fatally shot his mother-in-law. Appellant's wife survived. On October 22, 2003, appellant was indicted for aggravated murder with capital and firearm specifications, and attempted murder with a firearm specification.
>
> A jury trial commenced on May 20, 2005, and the jury returned a verdict finding appellant not guilty of aggravated murder, but guilty of the lesser included offense of murder, and not guilty of attempted murder, but guilty of the lesser included offense of felonious assault. The jury also found that appellant used a firearm to facilitate the offenses. On August 2, 2005, appellant was sentenced to 15 years to life on the murder charge and 7 years on the felonious assault charge, with the sentences to be served consecutively. In addition, the trial court also imposed 3 years of mandatory incarceration for the firearm specification.
>
> Appellant appealed his conviction and sentence. The trial transcript was filed in his direct appeal on January 24, 2006. We affirmed in part, reversed in part, and remanded the case for resentencing. [*State v. White,* 10th Dist. No. 05AP-1178, 2006-Ohio-4226] (*White I*'). Following his resentencing on remand, appellant again appealed. We affirmed the trial court's judgment. *State v. White*, 10th Dist. No. 07AP-743, 2008-Ohio-701 ("*White II*").
>
> On September 13, 2012, appellant filed a motion to vacate and set aside the judgment of conviction, asserting that the judgment was void. The trial court denied appellant's motion and he appealed. We affirmed the trial court's decision. *State v. White*, 10th Dist. No. 12AP-1055, 2013-Ohio-2217 ("*White III*").

On September 16, 2016, appellant filed a motion to vacate his judgment and conviction, claiming the trial court erred in instructing the jury on the lesser included offense of murder. On July 12, 2017, the trial court denied, for lack of jurisdiction, appellant's motion because it was untimely and barred as a successive petition under R.C. 2953.23(A) and under the doctrine of res judicata. (July 12, 2017 Decision and Entry.) Appellant timely filed this appeal.

\* \* \*

We agree with the trial court that it lacked jurisdiction. Appellant's motion to vacate and set aside judgment should be treated as a postconviction petition. In general, "where a criminal defendant, subsequent to his direct appeal, files a motion seeking to vacate or correct his sentence on the basis that his constitutional rights have been violated, such a motion is deemed a petition for post-conviction relief." *State v. Rippey*, 10th Dist. No. 06AP-1229, 2007-Ohio-4521, ¶ 8, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160, 1997-Ohio-304, 679 N.E.2d 1131 (1997).

\* \* \*

Appellant challenged the conviction and sentence he is currently serving, and R.C. 2953.21 "is the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case." R.C. 2953.21(K). Pursuant to R.C. 2953.21(A)(2), appellant was required to file his petition no later than 365 days after the date on which the trial transcript was filed in the Court of Appeals. This restriction is jurisdictional, as "a court may not entertain a petition filed after the expiration of" that time period. R.C. 2953.23(A). *See also State v. Myers*, 10th Dist. No. 05AP-228, 2005-Ohio-5998, ¶ 28, 34.

Here, the trial transcript for appellant's direct appeal was filed with this court on January 24, 2006. Thus, appellant's 365-day deadline to file a petition for postconviction relief expired on January 24, 2007. Appellant did not file his petition until September 16, 2016, over 9 years after the deadline expired. Thus, appellant's petition for postconviction relief was untimely.

\* \* \*

Even if appellant's petition was not untimely and barred as a successive petition, appellant's arguments would fail due to the doctrine of res judicata. "Res judicata is applicable in all postconviction relief proceedings." *State v. Szefcyk*, 77 Ohio St.3d 93, 95, 1996-Ohio-337, 671 N.E.2d 233 (1996). Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

As a result, "[p]ostconviction review is a narrow remedy, since res judicata bars any claim that was or could have been raised at trial or on direct appeal." *State v. Steffen*, 70 Ohio St.3d 399, 410, 1994 Ohio 111, 639 N.E.2d 67 (1994); *State v. Davic*, 10th Dist. No. 15AP-1000, 2016-Ohio-4883, ¶ 11. Here, appellant challenged his sentence during his direct appeal, and he challenged his sentence in his other postconviction pleadings. He also had the opportunity to raise his claimed error in instructing the jury on the lesser included offenses in a timely appeal, or in a timely postconviction petition. *See Perry* at paragraph seven of the syllabus. As such, res judicata bars appellant's motion.

Accordingly, the trial court acted reasonably when it found that it lacked jurisdiction because appellant's petition was an untimely and successive postconviction petition, and because it was barred by res judicata. Appellant's assignment of error is overruled.

*State v. White,* 10th Dist. No. 17AP-538, 2017-Ohio-8750, ¶ 2-6, 8, 10-11, 14-16. (Footnote omitted.) ["*White IV*".]

{¶ 26} Clearly, relator cannot relitigate in this original action the assignment of error that he did in fact litigate in his appeal to this court in Case No. 17AP-538 ["*White IV*"]. Thus, this action is barred by the plain and adequate remedy at law that relator has already exercised in Case No. 17AP-538 ["*White IV*"].

{¶ 27} Accordingly, for all the above reasons, it is the magistrate's decision that this court grant respondent's motion to dismiss.

/S/ MAGISTRATE
KENNETH W. MACKE

## NOTICE TO THE PARTIES

**Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).**