[Cite as *State ex rel. Brisco v. Brown*, 2022-Ohio-3445.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Bryon L. Brisco, Sr., | : | |
| Relator, | : | |
| v. | : | No. 22AP-331 |
| Judge [Jeffrey] Brown, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on September 29, 2022

**On brief:** *Bryon L. Brisco, Sr.,* pro se.

**On brief:** *G. Gary Tyack,* Prosecuting Attorney, and *Brandon Coy Hendrix,* for respondent.

IN PROCEDENDO
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

BEATTY BLUNT, J.

{¶1} Relator, Bryon L. Brisco, Sr., has filed this original action seeking a writ of mandamus/procedendo ordering respondent, Franklin County Common Pleas Judge Jeffrey Brown, to impose a sentence for, merge, or dismiss his conviction for felonious assault. Respondent has filed a motion to dismiss pursuant to Civ.R. 12(B)(6). Relator has also filed a motion to proceed in forma pauperis.

{¶2} This matter was referred to a court appointed magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a

decision which is appended hereto, including findings of fact and conclusions of law, and recommended that this court deny relator's requested writ of mandamus/procedendo. Relator has filed objections to the magistrate's decision.

{¶3} We first note that the magistrate's decision was filed June 29, 2022, and relator's objections to the magistrate's decision were filed July 28, 2022. Civ.R. 53(D)(3)(b)(i) requires that objections to a magistrate's decision be filed within 14 days of the filing of the decision. Furthermore, although Civ.R. 53(D)(5) permits the court to extend the time for a party to file objections to a magistrate's decision for good cause shown, in this case relator neither sought an extension of time nor presented any argument showing good cause for the delay in filing his objections. Therefore, relator's objections were untimely. It is well-settled that this court need not address untimely objections to a magistrate's decision. *State ex rel. Dailey v. Dept. of Rehab. & Corr.*, 10th Dist. No. 20AP-410, 2021-Ohio-1079, ¶ 6 (declining to address objections to a magistrate's decision that were filed 31 days late); *State ex rel. Keith v. Adult Parole Auth. Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-663, 2011-Ohio-1195, ¶ 3, citing *State ex rel. Rosch v. Ohio Civ. Rights Comm.*, 10th Dist. No. 04AP-340, 2004-Ohio-1625, ¶ 3 (declining to address objections to a magistrate's decision that were filed 5 days late). Accordingly, we decline to address relator's objections.

{¶4} Having declined to consider relator's untimely objections, we need only determine whether "there is an error of law or other defect evident on the face of" the magistrate's decision. *See* Civ.R. 53(D)(4)(c). After an examination of that decision, we have found no error of law or other defect on its face. Furthermore, we note that, as found by the magistrate in his decision, in taking judicial notice of the pleadings and orders in

related cases that affect the present original action, it is clear that relator cannot be afforded the relief he seeks—an order that respondent impose a sentence for, merge, or dismiss his conviction for felonious assault—because he has not been convicted of felonious assault.

{¶5} Accordingly, based on the foregoing, we adopt the magistrate's decision as our own, including the findings of fact and the conclusions of law therein. Respondent's motion to dismiss is granted. Relator's request for a writ of mandamus/procedendo is denied and relator's motion to proceed in forma pauperis is moot.

*Respondent's motion to dismiss is granted.*
*Relator's writ for mandamus/procedendo*
*is denied and motion to proceed in*
*forma pauperis is moot.*

DORRIAN and JAMISON, JJ., concur.

_____

**APPENIDX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Bryon L. Brisco, Sr., | : | |
| Relator, | : | |
| v. | : | No.  22AP-331 |
| Judge [Jeffrey] Brown, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

MAGISTRATE'S DECISION

Rendered on June 29, 2022

*Bryon L. Brisco, Sr.,* pro se.

*G. Gary Tyack,* Prosecuting Attorney, and *Brandon Coy Hendrix,* for respondent.

IN PROCEDENDO ON
RESPONDENT'S MOTION TO DISMISS

{¶6}    Relator, Bryon L. Brisco, Sr., has filed this original action seeking a writ of mandamus/procedendo ordering respondent, Franklin County Common Pleas Judge Jeffrey Brown, to impose a sentence for, merge, or dismiss his conviction for felonious assault. Respondent has filed a motion to dismiss pursuant to Civ.R. 12(B)(6). Relator has also filed a motion to proceed in forma pauperis.

Findings of Fact:

**{¶7}**     1. Respondent is a public official serving as a judge in the Franklin County Court of Common Pleas, Ohio.

**{¶8}**     2. Relator is a prisoner who was incarcerated at Pickaway Correctional Institution in Orient, Ohio, at the time he filed this mandamus/procedendo action.

**{¶9}**     3. The facts of this case are summarized in this court's decision resolving relator's direct appeal in State v. Brisco, 10th Dist. No. 16AP-759, 2017-Ohio-8089. In short, on January 9, 2015, in Franklin C.P. No. 15CR-865, relator was charged with multiple offenses arising from the shooting death of his wife. He was convicted, pursuant to a jury verdict, of one count of reckless homicide as a stipulated lesser-included offense of purposeful murder with firearm specification, one count of felony murder with firearm specification, one count of involuntary manslaughter with firearm specification, one count of having a weapon while under disability, and one count of tampering with evidence. Respondent presided over case No. 15CR-865. On direct appeal, this court affirmed the convictions, and the Supreme Court of Ohio declined further appeal.

**{¶10}**    4. On June 8, 2022, relator filed his complaint in mandamus/procedendo with this court, requesting that this court order respondent to impose a sentence for, merge, or dismiss his conviction for felonious assault. Relator also filed a motion for leave to proceed in forma pauperis.

**{¶11}**    5. On the same day, June 8, 2022, respondent filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), asserting relator's mandamus/procedendo action should be dismissed because he was never convicted of felonious assault. Relator did not file any response to the motion to dismiss.


Conclusions of Law:

**{¶12}**    For the reasons that follow, it is the magistrate's decision that this court grant respondent's motion to dismiss relator's complaint for a writ of mandamus/procedendo and deny relator's motion for leave to proceed in forma pauperis.

**{¶13}**    In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. State ex rel.

Miley v. Parrott, 77 Ohio St.3d 64, 65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. Id. An " 'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' " State ex rel. Dehler v. Sutula, 74 Ohio St.3d 33, 35 (1995), quoting State ex rel. Levin v. Sheffield Lake, 70 Ohio St.3d 104, 110 (1994).

{¶14}   In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. State ex rel. Pressley v. Indus. Comm., 11 Ohio St.2d 141 (1967).

{¶15}   A motion to dismiss pursuant to Civ.R. 12(B)(6) tests the sufficiency of the complaint. "In order for a court to dismiss a case pursuant to Civ.R. 12(B)(6) 'it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.' " T & M Machines, LLC v. Yost, 10th Dist. No. 19AP-124, 2020-Ohio-551, ¶ 10, quoting O'Brien v. Univ. Community Tenants Union, Inc., 42 Ohio St.2d 242 (1975), syllabus. In construing a complaint upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. LeRoy v. Allen, Yurasek & Merklin, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14.

{¶16}   The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. State ex rel. Nyamusevya v. Hawkins, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B); State ex rel. Ohio Republican Party v. Fitzgerald, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; and State ex rel. Womack v. Marsh, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. See Draughon v. Jenkins, 4th Dist. No. 16CA3528, 2016-Ohio-5364, ¶ 26, citing State ex rel. Everhart v. McIntosh, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion); and Giannelli, 1 Baldwin's Ohio Practice Evidence, Section 201.6

(3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet).

**{¶17}** In the present matter, relator argues he is entitled to a writ of mandamus/procedendo because respondent failed to impose a sentence for, merge, or dismiss his conviction for felonious assault. However, respondent did not convict relator of felonious assault. Therefore, because respondent had no legal duty to impose a sentence for, merge, or dismiss a non-existent conviction, neither procedendo nor mandamus will lie here.

**{¶18}** Accordingly, the magistrate recommends that this court grant respondent's motion to dismiss relator's complaint for a writ of mandamus/procedendo and deny relator's motion for leave to proceed in forma pauperis.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).