[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bonner v. Serrott*, Slip Opinion No. 2020-Ohio-1450.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-1450

THE STATE EX REL. BONNER, APPELLANT, *v.* SERROTT, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bonner v. Serrott*, Slip Opinion No. 2020-Ohio-1450.]

*Mandamus—Procedendo—Crim.R. 32(C)—Adequate remedy at law—Defendant in criminal case who claims judgment of conviction does not comply with Crim.R. 32(C) has adequate remedy at law by way of motion to trial court for revised judgment of conviction and appeal if trial court denies motion for revised judgment of conviction—Court of appeals' judgment dismissing petition affirmed.*

(No. 2019-0911—Submitted January 7, 2020—Decided April 15, 2020.)

APPEAL from the Court of Appeals for Franklin County, No. 18AP-271, 2019-Ohio-2137.

_____

**Per Curiam.**

{¶ 1} This appeal involves a request by appellant, Kendric Bonner, a prison inmate, for writs of mandamus and procedendo to compel appellee, Franklin County Court of Common Pleas Judge Mark Serrott, to issue a judgment of conviction that constitutes a final, appealable order. The court of appeals dismissed Bonner's petition because Bonner had an adequate remedy in the ordinary course of the law. We affirm.

**Background**

{¶ 2} In 1993, Bonner was convicted in the Franklin County Court of Common Pleas of aggravated murder with a firearm specification, felonious assault with a firearm specification, and having a weapon while under disability. On appeal, the Tenth District Court of Appeals affirmed in part and reversed in part. *State v. Bonner*, 10th Dist. Franklin No. 93AP07-951, 1994 WL 119679, *7 (Apr. 12, 1994). The court of appeals reduced the aggravated-murder conviction to a murder conviction, *id*. at *5-7, affirmed the felonious-assault conviction but vacated the firearm specification attached to that conviction, *id*. at *3-5, and reversed the weapon-under-disability conviction, *id*. at *1-2. The court of appeals remanded the case to the trial court for implementation of the modified judgment. *Id*. at *7.

{¶ 3} In 1995, on remand, the trial court entered a modified judgment of conviction that imposed sentences for the murder and felonious-assault convictions. The modified judgment entry did not refer to the firearm specification attached to the murder conviction, even though the firearm specification had not been affected by the court of appeals' judgment.

{¶ 4} In 2014, Bonner filed a motion asking the trial court to issue a final, appealable order. *State v. Bonner*, 10th Dist. Franklin No. 14AP-611, 2015-Ohio-1010, ¶ 7. He argued that the modified judgment entry entered in 1995 was not a final, appealable order because it did not comply with Crim.R. 32(C). *Id*. The trial court denied the motion, and Bonner appealed to the Tenth District. *Id*. at ¶ 9.

2

{¶ 5} Relying on this court's decisions in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, and *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, the court of appeals concluded that the modified judgment entry was not a final, appealable order because it did not refer to the three-year mandatory sentence for the firearm specification attached to Bonner's murder conviction. *Bonner*, 2015-Ohio-1010, ¶ 10-17, 26. The court of appeals nevertheless dismissed Bonner's appeal after concluding that the trial court's decision denying the motion for a final, appealable order was not itself a final order. *Id*. at ¶ 29.

{¶ 6} In 2015, soon after the court of appeals dismissed Bonner's appeal, the trial court issued a new judgment of conviction sua sponte. This judgment entry referred to all of Bonner's sentences, including the three-year sentence for the firearm specification. Bonner did not appeal from the new entry.

{¶ 7} In 2018, Bonner filed an original action in the Tenth District seeking writs of mandamus and procedendo, arguing that the 2015 judgment of conviction is not a final, appealable order. He sought an order compelling Judge Serrott to enter a judgment entry that complies with Crim.R. 32(C). Judge Serrott moved to dismiss Bonner's petition under Civ.R. 12(B)(6). The court of appeals granted the motion, holding that Bonner had an adequate remedy at law because he could have appealed from the 2015 judgment entry.

{¶ 8} Bonner appealed to this court as of right.

**Analysis**

{¶ 9} "A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint." *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11. "Dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator

can prove no set of facts warranting relief." *Clark v. Connor*, 82 Ohio St.3d 309, 311, 695 N.E.2d 751 (1998).

{¶ 10} To be entitled to a writ of mandamus, Bonner must establish (1) a clear legal right to the requested relief, (2) a clear legal duty requiring Judge Serrott to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. To be entitled to a writ of procedendo, Bonner must establish (1) a clear legal right to require Judge Serrott to proceed, (2) a clear legal duty requiring Judge Serrott to proceed, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 531-532, 705 N.E.2d 1227 (1999). Thus, to be entitled to either writ, Bonner must show that he lacks an adequate remedy at law.

{¶ 11} The court of appeals correctly determined that Bonner had an adequate remedy at law, but not for the reason expressed by the court of appeals. When a defendant in a criminal case claims that his judgment of conviction does not comply with Crim.R. 32(C), he has "an adequate remedy at law by way of a motion in the trial court requesting a revised sentencing entry." *McAllister v. Smith*, 119 Ohio St.3d 163, 2008-Ohio-3881, 892 N.E.2d 914, ¶ 7. And if the trial court denies that motion, the defendant can appeal that decision to the court of appeals. *See State ex rel. Daniels v. Russo*, 156 Ohio St.3d 143, 2018-Ohio-5194, 123 N.E.3d 1011, ¶ 9, 12. Because Bonner had an adequate remedy at law, his request for writs of mandamus and procedendo fails as a matter of law.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

FRENCH, J., concurs in judgment only.

———————————

Kendric Bonner, pro se.

Ron O'Brien, Franklin County Prosecuting Attorney, and Arthur J. Marziale Jr., Assistant Prosecuting Attorney, for appellee.

_____