[Cite as *State v. Beckett*, 2021-Ohio-1687.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | CASE NOS. CA2020-08-006 |
|  |  | CA2020-08-007 |
| Appellee, | : |  |
|  |  | O P I N I O N |
|  | : | 5/17/2021 |
| - vs - |  |  |
|  | : |  |
| JAMES R. BECKETT, | : |  |
| Appellant. | : |  |

CRIMINAL APPEAL FROM BROWN COUNTY MUNICIPAL COURT
Case No. CRB 2000252 A

Zachary A. Corbin, Brown County Prosecuting Attorney, Mary McMullen, 740 Mt. Orab Pike, Suite 1, Georgetown, Ohio 45121, for appellee

T. David Burgess Co., L.P.A., Kristopher D. Burgess, T. David Burgess, 110 North Third Street, Williamsburg, Ohio 45176, for appellant

**M. POWELL, P.J.**

{¶ 1} Appellant, James Beckett, appeals his conviction in the Brown County Municipal Court for menacing. For the reasons that follow, we dismiss this appeal for lack of a final appealable order.

{¶ 2} Appellant was charged in March 2020 with resisting arrest in Case No. CRB

2000252A, aggravated menacing against two police officers in Case No. CRB 2000252B, aggravated menacing against a neighbor in Case No. CRB 2000252C, and obstructing official business in Case No. CRB 2000252D. A bench trial was held on the charges. At the conclusion of the trial, the trial court orally found appellant guilty of aggravated menacing against the officers, a lesser-included offense of menacing against the neighbor, resisting arrest, and obstructing official business.

{¶ 3} On July 14, 2020, the trial court journalized an entry, bearing only Case No. CRB 2000252A, finding appellant guilty of aggravated menacing against one of the police officers and menacing, presumably against the neighbor. As indicated above, Case No. CRB 2000252A was assigned to the resisting arrest charge. The entry made no disposition of the resisting arrest and obstructing official business charges and made no mention of these charges.

{¶ 4} On July 21, 2020, the trial court journalized a sentencing entry, once again bearing only Case No. CRB 2000252A. The sentencing entry indicates that a sentencing hearing was held on July 20, 2020, that the trial court reviewed a presentence-investigative report and the Ohio sentencing guidelines, and that appellant's "age and lack of a record speaks for a minimum sentence, but [his] actions and lack of remorse call for a stiff sentence." The sentencing entry then states, "Therefore the Court orders the Defendant to serve 180 Days in the Brown County Adult Detention Center with credit for ten days." The trial court further ordered that the firearm used during the incident be forfeited and that appellant's other firearms be held by the police department "for three years as a condition of [appellant's] probation if [appellant] is released on probation in the next six months." The sentencing entry fails to state that appellant was convicted at all and does not mention any of the criminal charges.

{¶ 5} Appellant now appeals the July 21, 2020 sentencing entry and raises two assignments of error, arguing that his conviction for menacing is against the manifest weight of the evidence and challenging the confiscation of the firearms not involved in the offenses as a condition of his three-year probation. The state argues there is no final appealable order because the entry finding appellant guilty only addressed two of the four charges against appellant. Furthermore, the sentencing entry neither sets forth the fact of each of the four convictions nor imposes a sentence for three of the convictions.

{¶ 6} It is well established that a court of appeals has no jurisdiction over orders that are not final and appealable. *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, ¶ 6. "[A] judgment of conviction is a final, appealable order if it complies with Crim.R. 32(C) and *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204[.]" *State v. Jackson*, 151 Ohio St.3d 239, 2017-Ohio-7469, ¶ 9. Crim.R. 32(C) provides that

> A judgment of conviction shall set forth the fact of conviction and the sentence. Multiple judgments of conviction may be addressed in one judgment entry. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk.

{¶ 7} "[A] judgment of conviction is a final order subject to appeal under R.C. 2505.02 when the judgment entry sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *Lester* at ¶ 14. These are the "substantive requirements" of Crim.R. 32(C) "that must be included within a judgment entry of conviction to make it final for purposes of appeal[.]" *Id.* at ¶ 11. Thus, "[a] final appealable order does not exist unless the fact of conviction and the sentence are stated in a single judgment." *State v. Sullivan*, 11th Dist. Lake Nos. 2019-L-004 and 2019-L-005, 2019-Ohio-4413, ¶ 3. Furthermore, "a valid

judgment of conviction requires a full resolution of any counts for which there were convictions." *Jackson* at ¶ 11.

{¶ 8} The record clearly shows that the trial court found appellant guilty of four criminal charges: after conducting the bench trial, the trial court orally found appellant guilty of aggravated menacing against the officers, menacing against the neighbor, resisting arrest, and obstructing official business. However, the July 14, 2020 entry finding appellant guilty only addresses the charges of menacing and aggravated menacing and neither disposes of nor mentions the resisting arrest and obstructing official business charges. Furthermore, the July 21, 2020 sentencing entry does not comply with Crim.R. 32(C) and *Lester*. Specifically, while the sentencing entry is signed by the trial judge and was entered upon the journal by the clerk of court, it does not set forth the fact of each of the four convictions and in fact fails to state that appellant was convicted at all. And while the sentencing entry sets forth a sentence, it fails to identify the conviction for which the sentence is imposed and further does not impose a sentence for the other three convictions. *State v. Rexrode*, 10th Dist. Franklin No. 17AP-8837, ¶ 13, 15; *Sullivan* at ¶ 3.

{¶ 9} In light of the foregoing, the July 21, 2020 sentencing entry is not a final appealable order and we lack jurisdiction to address the merits of appellant's appeal.

{¶ 10} Appeal dismissed.

S. POWELL and HENDRICKSON, JJ., concur.