[Cite as *State v. Skaggs*, 2021-Ohio-3639.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

ROBERT A. SKAGGS,

    DEFENDANT-APPELLANT.

CASE NO. 3-21-05

O P I N I O N

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

ROBERT A. SKAGGS,

    DEFENDANT-APPELLANT.

CASE NO. 3-21-06

O P I N I O N

Appeals from Crawford County Municipal Court
Criminal/Traffic Division
Trial Court No. 20-CRB-498 and 20-CRB-312

Appeals Dismissed

Date of Decision: October 12, 2021

APPEARANCES:

    *James W. Fruth* for Appellant

    *Robert A. Ratliff* for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Robert A. Skaggs ("Skaggs") brings these appeals from the judgments of the Municipal Court of Crawford County convicting him of four first degree misdemeanors. The trial court then sentenced Skaggs to 180 days on each count, with 90 days suspended on each and the sentences to be served consecutively. Upon his release, Skaggs would serve 5 years of community control. Skaggs claims on appeal that 1) the verdicts are not supported by sufficient evidence; 2) the trial court erred in imposing consecutive sentences; and 3) he was denied the effective assistance of counsel. For the reasons set forth below, the appeals are dismissed.

{¶2} On April 23, 2020, complaints were filed charging Skaggs with menacing by stalking in violation of R.C. 2903.211 and telecommunications harassment in violation of R.C. 2917.21, both misdemeanors of the first degree. These charges were assigned case number 20 CRB 312 A & B. On July 1, 2020, complaints were filed charging Skaggs with menacing by stalking in violation of R.C. 2903.211, aggravated trespass in violation of R.C. 2911.211, and telecommunications harassment in violation of R.C. 2917.21(B), all misdemeanors of the first degree. These charges were assigned case number 20 CRB 498 A, B, & C. A jury trial was held on February 5, 2021. The jury returned verdicts of guilty

as to 20 CRB 312(A), 20 CRB 312(B), 20 CRB 498(A), and 20 CRB 498(C).  The jury acquitted Skaggs of the aggravated trespass charge set forth in 20 CRB 498(B).

{¶3} On March 31, 2021, a sentencing hearing was held.  The trial court imposed a sentence on each of the four counts of 180 days in jail with 90 days suspended on each count followed by five years of community control.  The trial court also ordered that each of the jail terms be served consecutive for a possible aggregate sentence of 24 months.  Skaggs timely appealed from this judgment and raised the following assignments of error.

### First Assignment of Error

**There was insufficient evidence to support the verdict that [Skaggs] committed the offenses of menacing by stalking, aggravated trespass, and telecommunications harassment.**

### Second Assignment of Error

**The trial court erred in imposing four consecutive sentences and five years of community control**

### Third Assignment of Error

**[Skaggs] did not receive the effective assistance of counsel and, as a result, was also denied his Sixth Amendment rights.**

{¶4} In the second assignment of error, Skaggs claims that the trial court erred in imposing four consecutive sentences and five years of community control. The imposition of multiple sentences for misdemeanor convictions is governed by R.C. 2929.41.  This statute provides that a court may impose consecutive sentences for misdemeanor convictions "except that the aggregate term to be served shall not

exceed eighteen months." R.C. 2929.41(B)(1). Here, the aggregate term was 24 months. However, we cannot address this matter because there is no final appealable order.

{¶5} In *State v. Lester*, the Ohio Supreme Court held that for a judgment of conviction to be a final appealable order subject to appeal, it must comply with the requirements of Criminal Rule 32(C). 130 Ohio St.3d 303, 2011-Ohio-5204, ¶ 8, 958 N.E.2d 142.

> **A judgment of conviction shall set forth the fact of conviction and the sentence. Multiple judgments of conviction may be addressed in one judgment entry. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk.**

Crim.R. 32(C). To comply with the rule all judgment entries must contain 1) the fact of the conviction, 2) the sentence, 3) the judge's signature, and 4) the entry on the journal by the clerk to be a final appealable order. *Lester* at ¶ 11. "Without these substantive provisions, the judgment entry of conviction cannot be a final order subject to appeal under R.C. 2505.02." *Id*.

{¶6} Upon review of the sentencing entry in this case, this Court notes that at no point in the judgment entry does it state the fact of the conviction. It merely states that the matter was before the Court for a sentencing hearing. This court also notes that it also does not indicate for what exactly Skaggs is being sentenced as it merely refers to the case numbers instead of the statutory violations or even names

of the offenses. "As a general matter, '[o]nly one document can constitute a final appealable order,' meaning that a single entry must satisfy the requirements of Crim.R. 32(C)." *State v. Thompson*, 141 Ohio St.3d 254, 2014-Ohio-4751, ¶ 39, 23 N.E.3d 1096. If this entry is missing one of the substantive requirements of Crim.R. 32(C), such as the fact of conviction, it is not a final appealable order even if the entry of conviction is in the record. *State v. Rexrode*, 2017-Ohio-8837, 100 N.E.3d 1089 (1ˢᵗ Dist.) (holding there was no final appealable order when the judgment of sentencing failed to set forth the fact of conviction).

> {¶7} An appellate court may only review final orders. R.C. 2505.032(B).
>
> **Under Section 3(B)(2), Article IV, Ohio Constitution, courts of appeals have jurisdiction only to "affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district."**
>
> **As a result, "[i]t is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction." *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989)**

*Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, ¶¶ 13-14, 861 N.E.2d 519. Since the judgment entry does not set forth the fact of conviction in this case, there is no final appealable order and this Court lacks jurisdiction to consider the assignments of error. Thus, this Court must dismiss the appeals.

{¶8} These appeals brought from the Municipal Court of Crawford County are dismissed for lack of a final appealable order.

**Appeals Dismissed**

**ZIMMERMAN and SHAW, J.J., concur.**

**/hls**