[Cite as *State v. Morris*, 2024-Ohio-262.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 23AP-186 |
| v. | : | (C.P.C. No. 04CR-4866) |
| Kristoffer Morris, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |
| | : | |

D E C I S I O N

Rendered on January 25, 2024

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Paula M. Sawyers* for appellee.

**On brief:** *Kristoffer Morris*, pro se.

APPEAL from the Franklin County Court of Common Pleas

MENTEL, P.J.

{¶ 1}  Defendant-appellant, Kristoffer Morris, appeals from the decision of the Franklin County Court of Common Pleas denying his motion requesting it to issue a final appealable order in his criminal case.  For the reasons that follow, the trial court did not err when denying the motion, and its decision is affirmed.

{¶ 2}  On July 22, 2004, the state filed a 22-count indictment against Mr. Morris. The first ten counts included two counts of aggravated burglary in violation of R.C. 2911.11, one count of impersonating a peace officer in violation of R.C. 2921.51, two counts of robbery in violation of R.C. 2911.02, four counts of kidnapping in violation of R.C. 2905.01, and one count of having a weapon while under disability in violation of R.C. 2923.13.  The remaining counts included one count of aggravated burglary in violation of R.C. 2911.11,

four counts of aggravated murder in violation of R.C. 2903.01, three counts of attempted murder in violation of R.C. 2923.02, two counts of felonious assault in violation of R.C. 2903.11, and two counts of having a weapon while under disability in violation of R.C. 2923.13.

**{¶ 3}** On August 2, 2005, the state filed a motion to sever the first ten counts of the indictment under Rule 14 of the Ohio Rules of Criminal Procedure.[1] Because the first ten counts "allege[d] offenses which occurred on a different date and at a different place from the offenses set forth in the remainder of the indictment," the state argued that they "should be separated and set for a separate trial" in order to avoid prejudice to the defendant. (Aug. 2, 2005 Mot. to Sever Counts at 2.)

**{¶ 4}** The record contains no opposition from Mr. Morris's attorney to the state's motion, which the trial court granted on August 3, 2005.[2] In the order, the trial court ordered that the counts be severed "for purposes of a separate trial" and ordered the assignment commissioner to "set the above counts * * * for a separate trial date." (Aug. 3, 2005 Entry.)

**{¶ 5}** After severing the first ten counts of the indictment, the remaining counts were renumbered 1-12 and tried before a jury. (*See* Sept. 14, 2005 Am. Entry (listing and explaining renumbered counts).) The jury found Mr. Morris guilty on all counts except two of the attempted murder charges. *Id.* The trial court sentenced him to a total of 66 years to life. *Id.* On direct appeal, this court affirmed the convictions and sentences. *State v. Morris*, 10th Dist. No. 05AP-1032, 2007-Ohio-2382.

**{¶ 6}** While the direct appeal was pending, the parties entered into a plea bargain to resolve the ten severed counts. Mr. Morris entered a guilty plea to one count of aggravated robbery and the state dismissed the remaining nine counts. (July 24, 2006

---

[1] At a pretrial hearing held on January 21, 2005, Mr. Morris's trial attorney made an oral motion and began to formulate an argument for severance, noting that "the indictment contains counts concerning some other crime that happened at a different point in time, a different place in time." (Jan. 21, 2005 Tr. at 93.) He also stated: "I think the prosecutor is contemplating doing what I'm asking them to do anyway." *Id.* After the prosecutor stated that discovery on those counts would be forthcoming, Mr. Morris's attorney withdrew the motion. *Id.* at 95.

[2] Mr. Morris's trial attorney unsuccessfully moved the trial court to sever additional counts. (Aug. 5, 2005 Mot. to Sever Counts 18-22.) At a hearing, he argued that the additional counts "could be severed just as the prosecution * * * request[ed] sever[ing] the first ten counts, which were also of a different set of crimes occurring at a different location on a different time." (Tr. at 121-22.)

Jgmt. Entry.) The trial court sentenced Mr. Morris to ten years in prison for the aggravated robbery conviction and ordered that it "run concurrent with the sentence[s] already being served on the renumbered counts" imposed in the prior judgment. *Id*. at 2. Mr. Morris did not appeal from this judgment.

{¶ 7} On December 19, 2012, Mr. Morris filed a motion captioned "Motion for Resentencing and a Final Appealable Order Pursuant to Crim.R. 32(C), R.C. 2505.02, and R.C. 2929.03(F)." He argued that the trial court had failed "to enter a proper final judgment of conviction" because it had not filed "a separate sentencing opinion" addressing the life sentence, as required by R.C. 2929.03(F). (Dec. 19, 2012 Mot. at 1-2.) The trial court denied the motion on March 8, 2013, and Mr. Morris appealed. This court affirmed, explaining that the trial court was not required to file the separate opinion described in R.C. 2929.03(F) because the jury, not the trial court, had imposed the life sentence in accordance with R.C. 2929.03(D)(2). *State v. Morris*, 10th Dist. No. 13AP-251, 2013-Ohio-5302, ¶ 10.

{¶ 8} Mr. Morris filed another motion on September 21, 2018, in which he argued that the trial court had failed to comply with Crim.R. 32(C) by filing multiple judgments addressing the counts stated in the indictment. He argued that this violated the "single document" rule of *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, and requested that the trial court "issue a judgment of conviction" with "a complete disposition on all 22 counts of the indictment" in his case. (Sept. 21, 2018 Mot. at 3.) The trial court summarily denied the motion on October 31, 2018. Mr. Morris did not appeal that ruling.

{¶ 9} On February 17, 2023, Mr. Morris filed a motion captioned "Defendant's Request for Final Appealable Order," in which he raised the same argument stated in the previous motion, asserting that the consequence of failing to enter a single judgment addressing all charges against him meant that no final appealable order had ever been entered in his criminal proceedings. Consequently, he argued, this court had no jurisdiction to hear the direct appeal from the convictions after his jury trial. (Feb. 17, 2023 Mot. at 7.)

{¶ 10} The trial court denied the motion on February 22, 2023, on two grounds. First, the trial court ruled that the "motion is moot" because Mr. Morris had "served his 10-year concurrent prison term for aggravated burglary" at the time he filed it. (Feb. 22, 2023

Entry at 1.)  Second, the trial court ruled that the motion was "time-barred" because it was an untimely petition for postconviction relief under R.C. 2953.21, as such a petition must be filed within 365 days from the date of the filing of a transcript filed in the court of appeals hearing the direct appeal.  *Id.*

{¶ 11}  Mr. Morris has appealed and asserts the following assignment of error:

> THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELANT'S MOTION REQUESTING A FINAL APPEALABLE ORDER BECAUSE APPELLANT HAS NOT YET SERVED HIS SENTENCE AND HIS MOTION SHOULD NOT HAVE BEEN TREATED AS A PETITION FOR POSTCONVICTION RELIEF.

{¶ 12}  Mr. Morris is correct that the trial court should not have treated his motion as a petition for postconviction relief.  "A postconviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment." *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994).  The postconviction relief process "is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction." *State v. Murphy*, 10th Dist. No. 00AP-233, 2000 Ohio App. LEXIS 6129, *5 (Dec. 26, 2000), citing *State v. Jackson*, 64 Ohio St.2d 107 (1980).  Mr. Morris does not contend that a constitutionally deficient process resulted in his criminal conviction, but that no actual judgment resulted from his trial and plea proceedings because the entries in question fail to comply with Crim.R. 32(C).  "When a defendant in a criminal case claims that his judgment of conviction does not comply with Crim.R. 32(C)," the appropriate procedure to obtain a remedy is " 'a motion in the trial court requesting a revised sentencing entry.' " *State ex rel. Bonner v. Serrott*, 160 Ohio St.3d 298, 2020-Ohio-1450, ¶ 11, quoting *McAllister v. Smith*, 119 Ohio St.3d 163, 2008-Ohio-3881, ¶ 7. *See also State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, ¶ 20 (stating that "the appropriate remedy for a violation of Crim.R. 32(C) is 'resentencing,' " but the court's previous holdings "did not suggest that this term encompassed anything more than issuing a corrected sentencing entry that complies with Crim.R. 32(C)").  Thus, the trial court incorrectly relied upon the limitations period for seeking postconviction relief as grounds to deny the motion.

{¶ 13}  Nevertheless, the trial court did not err when denying Mr. Morris relief under Crim.R. 32(C).  Mr. Morris's main contention is that all of the counts stated in the

indictment had to be resolved in one judgment entry to satisfy the "single document" rule of Crim.R. 32(C) and *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330.  (Merit Brief of Appellant at 7-8.)  The general rule stated in *Baker* is that "[o]nly one document can constitute a final appealable order."  *Baker* at ¶ 17.  *Baker* also instructs that a "trial court must comply with Crim.R. 32(C)" in order to enter a final appealable order in a criminal case.  *Id.* at ¶ 10.  Criminal Rule 32(C) states:

> A judgment of conviction shall set forth the fact of conviction and the sentence. Multiple judgments of conviction may be addressed in one judgment entry. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk.

{¶ 14}  The general rule is that "all counts of an indictment must be resolved before a judgment entry of conviction may become a final, appealable order."  *State v. Craig*, 159 Ohio St.3d 398, 2020-Ohio-455, ¶ 15.  Here, however, the trial court's ruling on the state's Crim.R. 14 motion required a deviation from this rule.  The rule states: "If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment * * *, or by such joinder for trial together of indictments * * *, the court shall order an election or separate trial of counts * * *, or provide such other relief as justice requires."  Crim.R. 14.  The trial court ordered the first ten counts of the indictment severed "for purposes of a separate trial," after which a separate judgment was required to resolve those counts.  (Aug. 3, 2005 Entry.)

{¶ 15}  Although not directly controlling, the holding and analysis of *Craig* is instructive.  In that case, the defendant was indicted on "two counts of felonious assault and one count of rape, all involving the same victim." *Craig* at ¶ 3.  A jury found him guilty of both counts of felonious assault but could not reach a verdict on the rape count.  *Id.*  The court granted a mistrial on the rape count and entered judgment on the convictions.  *Id.*  Before the state could retry the defendant, he was declared "incompetent to stand trial on the remaining rape count." *Id.* at ¶ 5.  The defendant "attempted to appeal his convictions, but the First District Court of Appeals dismissed his appeal for lack of jurisdiction" because of the unresolved rape charge.  *Id.* at ¶ 4.

{¶ 16} The Supreme Court of Ohio reversed, holding "that when a criminal defendant is convicted and sentenced on fewer than all counts of a multicount indictment and the state is prevented from retrying the defendant on the remaining counts due to a finding that the defendant is incompetent to stand trial, the incompetency finding operates to sever the charges and the defendant may appeal his conviction and sentence." *Id*. at ¶ 26. Thus, once severed, counts resulting in a conviction and sentence are not bound to any previously unsevered counts for purposes of appeal. This is also evident from the court's discussion of Crim.R. 14:

> Crim.R. 14 directs the trial court to grant such relief "as justice requires" when either the defendant or the state is prejudiced by a joinder of offenses in an indictment. Had the trial court at any point severed the counts of conviction from the still-pending charge, Craig would have been able to appeal his convictions separately. This would have been a wise course for the trial court to take under the circumstances, but it did not do so.

*Id*. at ¶ 24.

{¶ 17} This hypothetical describes the effect of the severance ruling in Mr. Morris's case. He had the opportunity to appeal from both the September 14, 2005 judgment entered after his trial and the July 24, 2006 judgment entered after his guilty plea that resolved the remaining counts. He chose only to appeal the first one. Given the 30-day deadline for filing a notice of appeal under Appellate Rule 4(A), and that only a judgment that constitutes a final appealable order under R.C. 2505.02 invokes appellate jurisdiction, severed counts resolved on different timelines may require separate judgment entries. Mr. Morris's argument that only one valid judgment could memorialize his severed charges cannot be reconciled with those requirements or the logic of *Craig*.

{¶ 18} Furthermore, the trial court took pains to reference all counts of the indictment in the July 24, 2006 judgment entry that resolved the severed counts. In addition, in both judgment entries, it explained in detail how the counts were renumbered after severance, referring to the counts by their original numbering in the indictment and by their renumbering. This is not a case in which unresolved charges omitted from a purported judgment prevent it from qualifying as a final appealable order. *See, e.g.*, *State v. Johnson*, 4th Dist. No. 06CA3066, 2007-Ohio-1003, ¶ 12 (where an indictment stated six counts against the defendant but the "judgment entry only disposes of five of the

charges," appellate court lacked jurisdiction because entry was not a final appealable order).

{¶ 19} Mr. Morris also points to the fact that "there was never a new case number assigned to the severed charges," citing *McGuire v. Mills*, 4th Dist. No. 98CA2462, 1999 Ohio App. LEXIS 4133 (Aug. 30, 1999). (Merit Brief of Appellant at 8-9.) In *McGuire*, the Fourth District Court of Appeals stated that by issuing a "new case number," the trial court had intended "to *sever*, not bifurcate, the declaratory judgment component of the case," where the trial court had mentioned bifurcation. (Emphasis sic.) *Id.* at *8, fn. 1. *McGuire* and the other civil cases cited by Mr. Morris have no application in a criminal context. Proceeding with plea bargaining under the same case number to resolve the remaining counts did not prejudice Mr. Morris. Even if a new case number had been issued for the severed counts, the case would have been assigned to the same judge. Under Local Rule 31.03(C)(1) of the Franklin County Court of Common Pleas, "[w]hen a single defendant is re-indicted, the judge to whom the case was previously assigned shall be reassigned to the re-indicated case." A new case number might have served an administrative purpose in the trial court, but not a substantive one.

{¶ 20} Mr. Morris also challenges the trial court's ruling that the matter was moot because he had already finished serving the ten-year sentence imposed in the second judgment for aggravated burglary. He believes that sentence has not yet been served and asserts that "[t]here is nothing in the statute that dictates what sentence is served first in a concurrent sentence." (Merit Brief of Appellant at 4.) There is no first sentence when concurrent sentences are served. " 'Concurrent' means 'operating at the same time' and 'concurrent sentences' are 'served simultaneously.' " *State v. Moss*, 1st Dist. No. C-210288, 2022-Ohio-1771, ¶ 20, quoting *Black's Law Dictionary* 309, 1393 (8th Ed.2004). In the July 24, 2006 judgment, the trial court expressly stated that the ten-year sentence was "to run concurrent with [the] sentence already being served on the renumbered counts." In other words, the ten-year sentence was to begin running at the same time and be served simultaneously with the previously imposed sentences. Because that ten-year sentence was imposed over seventeen years ago, the trial court correctly stated that Mr. Morris had already served it. "If an individual has already served his sentence and is only questioning whether or not the sentence was correct, there is no remedy that can be applied that would

have any effect in the absence of a reversal of the underlying conviction." *Columbus v. Duff*, 10th Dist. No. 04AP-901, 2005-Ohio-2299, ¶ 12.

{¶ 21} Nor did the trial court err when it ruled that any alleged deficiency in the judgment imposing that sentence was moot. "Where a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." *State v. Wilson*, 41 Ohio St.2d 236 (1975), syllabus. Even if the judgment were somehow deficient, Mr. Morris has made no argument that of collateral disability or loss of civil rights.

{¶ 22} Finally, the trial court could have concluded that res judicata prevented Mr. Morris from raising any of these arguments, which are substantively identical to those supporting his September 21, 2018 motion. That motion was denied and he did not appeal.

{¶ 23} For the foregoing reasons, the assignment of error is overruled. Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BOGGS and EDELSTEIN, JJ., concur.

_____