[Cite as *State v. Wilson*, 2025-Ohio-1696.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2024-12-086 |
| | : | O P I N I O N |
| - vs - | | 5/12/2025 |
| | : | |
| ROY P. WILSON, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM LEBANON MUNICIPAL COURT
Case No. TRD2402320

Kelly M. McKoy, Lebanon Municipal Court Prosecuting Attorney, for appellee.

Roy P. Wilson, pro se.

**HENDRICKSON, P.J.**

{¶ 1}　Pro se appellant, Roy P. Wilson, appeals from his misdemeanor conviction for speeding in violation of section 433.03 of the Code of Ordinances for the City of Lebanon. For the reasons set forth below, we dismiss his appeal for lack of a final appealable order.[1]

_____

1. Pursuant to Loc.R. 6(A) we sua sponte remove this appeal from the accelerated calendar for purposes of issuing this opinion.

{¶ 2} On September 15, 2024, appellant was traveling on State Route 48 in the City of Lebanon. Officer J. Johnson with the Lebanon Police Department effectuated a traffic stop and issued a speeding citation to appellant for traveling 65 m.p.h. in a 50-m.p.h. zone in violation of section 433.03 of the city's Code of Ordinances.

{¶ 3} The case proceeded to trial in the Lebanon Municipal Court, where appellant was ultimately found guilty. Pursuant to an October 31, 2024 judgment entry, appellant was fined $100 and ordered to pay court costs. Appellant appealed, raising two assignments of error for review.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE TRIAL COURT ERRED BY ISSUING [A] GUILTY VERDICT DUE TO FEDERAL LAWS THAT REQUIRE THE STATE TO CONFORM TO MUTCD GUIDELINES.

{¶ 6} Assignment of Error No. 2:

{¶ 7} THE TRIAL COURT ERRED BY ISSUING [A] GUILTY VERDICT DUE TO THE PEOPLE NOT PRODUCING [AN] ENGINEER STUDY/SPEED STUDY.

{¶ 8} Appellant seeks to challenge his conviction by arguing that the speed limit on the stretch of State Route 48 where he was ticketed was not set in conformance with the Manual on Uniform Traffic Control Devices ("MUTCD"). In his first assignment of error, appellant argues that he was erroneously prohibited from introducing evidence that the speed limit did not conform with MUTCD when the trial court denied the admission of certain emails at trial. In his second assignment of error, appellant argues the trial court erred by finding him guilty of speeding where the city failed to produce an engineer or speed study at trial. We find we are unable to reach the merits of appellant's assigned errors as there is no final appealable order before us.

{¶ 9} "It is well established that a court of appeals has no jurisdiction over orders

that are not final and appealable." *State v. Beckett*, 2021-Ohio-1687, ¶ 6 (12th Dist.), citing *State v. Baker*, 2008-Ohio-3330, ¶ 6. *See also* Ohio Const., art. IV, § 3(B)(2). "[A] judgment of conviction is a final, appealable order if it complies with Crim.R. 32(C) and *State v. Lester*, [2011-Ohio-5204]." (Cleaned up.) *State v. Jackson*, 2017-Ohio-7469, ¶ 9.

{¶ 10} Pursuant to Crim.R. 32(C),

> A judgment of conviction shall set forth the fact of conviction and the sentence. Multiple judgments of conviction may be addressed in one judgment entry. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk.

{¶ 11} "[A] judgment of conviction is a final order subject to appeal under R.C. 2505.02 when the judgment entry sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *Lester* at ¶ 14. These are the "substantive requirements" of Crim.R. 32(C) that must be included and, "[w]ithout these substantive provisions, the judgment entry of conviction cannot be a final order subject to appeal under R.C. 2505.02." *Id.* at ¶ 11. "'[A] final appealable order does not exist unless the fact of conviction and the sentence are stated in a single judgment.'" *Beckett* at ¶ 7, quoting *State v. Sullivan*, 2019-Ohio-4413, ¶ 3 (11th Dist.). "'[O]nly one document can constitute a final appealable order,' meaning that a single entry must satisfy the requirements of Crim.R. 32(C)." *State v. Thompson*, 2014-Ohio-4751, ¶ 39, quoting *Baker*, 2008-Ohio-3330 at ¶ 17. "If [an] entry is missing one of the substantive requirements of Crim.R. 32(C), such as the fact of conviction, it is not a final appealable order even if the entry of conviction is in the record." *State v. Skaggs*, 2021-Ohio-3639, ¶ 6 (3d Dist.).

{¶ 12} Upon review of the judgment entry in this case, we find that the entry fails

to set forth the fact of conviction. Though the judgment entry contains a handwritten notation that appellant was "Guilty following a trial" and imposes a $100 fine and court costs, the entry fails to identify the offense, by name or reference to the specific ordinance violated, for which appellant was convicted. The entry, therefore, does not set forth the fact of conviction. *See Beckett* at ¶ 8 (finding a sentencing entry did not set forth the fact of conviction where the entry, among other things, "fail[ed] to identify the conviction for which the sentence is imposed"); *Skaggs* at ¶ 6 (finding a judgment entry failed to set forth the fact of conviction where it did not "indicate for what exactly Skaggs [was] being sentenced as it merely refer[red] to the case numbers instead of the statutory violations or even the names of the offenses"). As the sentencing entry is missing a substantive requirement of Crim.R. 32(C), it does not constitute a final appealable order.

{¶ 13} In light of the foregoing, we find the trial court's October 31, 2024 judgment entry is not a final appealable order and that we lack jurisdiction to address the merits of appellant's appeal.

{¶ 14} Appeal dismissed.

BYRNE and SIEBERT, JJ. concur.