[Cite as *State v. Abukar*, 2026-Ohio-1624.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                       :

      Plaintiff-Appellee,                          :

                                      No. 25AP-354
v.                                                  :     (M.C. No. 2024 CRB 17131)

Abdikadir Abukar,                                   :     (REGULAR CALENDAR)

      Defendant-Appellant.                         :


D E C I S I O N

Rendered on May 5, 2026


**On brief:** *Zachary M. Klein*, City Attorney, *Melanie R. Tobias-Hunter*, and *Dave Pelletier*, for appellee. **Argued:** *Ryan M. Pelfrey.*

**On brief:** *Elizabeth R. Miller*, Ohio Public Defender, and *Melissa Seabolt*, for appellant. **Argued:** *Melissa Seabolt.*


APPEAL from the Franklin County Municipal Court

DORRIAN, J.

{¶ 1} Defendant-appellant, Abdikadir Abukar, appeals from a judgment of the Franklin County Municipal Court. For the reasons that follow, we dismiss the appeal for lack of jurisdiction.

**I. Facts and Procedural History**

{¶ 2} On March 20, 2025, a jury found appellant guilty of Violation of a Protection Order in violation of R.C. 2919.27(A). The court filed an entry reflecting the same and setting the case for a sentencing hearing on March 25, 2025.

{¶ 3} On March 25, 2025, at the sentencing hearing, the court imposed a $200 fine and court costs as well as 127 total days in jail. The court also credited appellant with 127 days in jail for time served.

## II. Assignments of Error

{¶ 4} Appellant appealed on April 22, 2025. Appellant asserts the following assignments of error:

> [I.] THE TRIAL COURT ERRED WHEN IT FAILED TO APPOINT A QUALIFIED FOREIGN LANGUAGE INTERPRETER.
>
> [II.] MR. ABUKAR'S CONVICTION FOR VIOLATING A PROTECTION ORDER IS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.

## III. Discussion

{¶ 5} We cannot address the merits of these assignments of error because we do not have a final appealable order before us. An appellate court may only review final orders. R.C. 2505.02(B).

> Under Section 3(B)(2), Article IV, Ohio Constitution, courts of appeals have jurisdiction only to "affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district."
>
> As a result, "[i]t is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction." *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266.

*Gehm v. Timberline Post & Frame*, 2007-Ohio-607, ¶ 13-14.

{¶ 6} In *State v. Lester*, 2011-Ohio-5204, ¶ 8, the Supreme Court of Ohio held that for a judgment of conviction to be a final appealable order subject to appeal, it must comply with the requirements of Crim.R. 32(C). To comply with the rule, all judgment entries must contain 1) the fact of the conviction, 2) the sentence, 3) the judge's signature, and 4) the entry on the journal by the clerk to be a final appealable order. *Lester* at ¶ 11. "Without these substantive provisions, the judgment entry of conviction cannot be a final order subject to appeal under R.C. 2505.02." *Id.* "As a general matter, '[o]nly one document can constitute a final appealable order,' meaning that a single entry must satisfy the requirements of Crim.R. 32(C)." *State v. Thompson*, 2014-Ohio-4751, ¶ 39.

{¶ 7} Upon review of the sentencing entry in this case, this court notes that the judgment entry does not state the fact of conviction. It does not indicate for what exactly

appellant is being sentenced as it does not contain the name of the offense or the statute. In relevant part, the form entry states:

SENTENCE ENTRY

Following Trial [handwritten]

Defendant entered a plea of (GUILTY)/(NO CONTEST) to the (STATED)/(AMENDED) charge of _____ in violation of Section _____. At the request of the prosecutor the following counts are dismissed:_____. Based upon the (         ) DEFENDANT'S STIPULATION, (    ) COURT FINDING, (    ) DEFENDANT[] WAIVES AN EXPLANATION OF THE CIRCUMSTANCES OF THE OFFENSE, there are sufficient facts to find defendant guilty and the Court finds defendant guilty.

(Emphasis in original.)  This sentencing entry was filed March 25, 2025.  A different entry was filed four days earlier on March 21, 2025.  That entry states:

The above-captioned case weas called for trial on the charges of Violation of a Protection Order. A jury was impaneled and sworn. Testimony was taken, and exhibits were admitted into evidence as reflected on the record.

The jury found Defendant Abdikadir Abukar **GUILTY** of Violation of a Protection Order in violation of Ohio Revised Code 2919.27(A).

This case is hereby set for sentencing on March 25, 2025 at 9:00. Notice provided to parties.

(Emphasis in original.)

{¶ 8}  The earlier entry identifies the offense by name and statute.  However, the later sentencing entry does not identify the offense by name or statute.  Therefore, the sentencing entry does not constitute a single entry or one document that satisfies the requirements of Crim.R. 32(C).  Accordingly, as the March 25, 2025 sentencing entry is missing one of the substantive requirements of Crim.R. 32(C)—the fact of the conviction—

it is not a final appealable order. This is true even if the entry of conviction is in the record. *See State v. Skaggs*, 2021-Ohio-3639, ¶ 6 (3d Dist.)[1]

## IV. Conclusion

{¶ 9}   Since the sentencing entry does not set forth the fact of conviction in this case, there is no final appealable order and this court lacks jurisdiction to consider the assignments of error. Thus, this court must dismiss the appeal as premature.

*Appeal dismissed.*

JAMISON and LELAND, JJ., concur.

———————

[1] We recently held as follows: " 'When a defendant in a criminal case claims that his judgment of conviction does not comply with Crim.R. 32(C),' the appropriate procedure to obtain a remedy is ' "a motion in the trial court requesting a revised sentencing entry." ' " *State v. Morris*, 2024-Ohio-262, ¶ 12 (10th Dist.), quoting *State ex rel. Bonner v. Serrott*, 2020-Ohio-1450, ¶ 11, quoting *McAllister v. Smith*, 2008-Ohio-3881, ¶ 7. *See also State ex rel. DeWine v. Burge*, 2011-Ohio-235, ¶ 20 (stating that "the appropriate remedy for a violation of Crim.R. 32(C) is 'resentencing,' " but the court's previous holdings "did not suggest that this term encompassed anything more than issuing a corrected sentencing entry that complies with Crim.R. 32(C)").